ALBERT Q. GIANG, SBN 224332
  agiang@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:  213.443.4310

Attorneys for Defendants
TikTok Inc. and ByteDance Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA ARLINGTON SMITH, *individually and as successor-in-interest to* LALANI WALTON, Deceased, and HERIBERTO ARROYO, *individually and as successor-in-interest to* ARRIANA JAILEEN ARROYO, Deceased, and CHRISTAL ARROYO, *Individually*, <br><br> Plaintiffs, <br><br> vs. <br><br> TIKTOK INC.; BYTEDANCE INC.; and DOES 1 through 100 inclusive, <br><br> Defendants. | Case No. <br><br> **DEFENDANTS TIKTOK INC. AND BYTEDANCE INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446.** |

## DEFENDANTS TIKTOK INC. AND BYTEDANCE INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants TikTok Inc. and ByteDance Inc. (collectively, "Removing Defendants") hereby submit this notice of removal of this action, *Smith v. TikTok Inc.*, bearing temporary case number 22STCV21355, from the Los Angeles Superior Court to the United States District Court for the Central District of California. As grounds for removal, Removing Defendants state as follows:

### BACKGROUND

1. This action is a lawsuit filed against Removing Defendants alleging that Plaintiffs' children engaged in self-harming conduct after viewing "challenge" videos posted by other users on the TikTok app. This lawsuit borrows similar allegations to two lawsuits that are pending in (and were originally filed in) federal court: one lawsuit relating to similar "challenge" videos, *Anderson v. TikTok Inc.*, 2:22-cv-01849-PD (E.D. Pa.), and one lawsuit alleging harm to minors filed by the same plaintiff's firm as here, *Rodriguez v. TikTok Inc.*, No 3:22-cv-0401-JD (N.D. Cal.).

2. On June 30, 2022, Plaintiffs Christina Arlington Smith, individually and as successor-in-interest to Lalani Walton, Heriberto Arroyo, individually and as successor-in-interest to Arriana Jaileen Arroyo, and Christal Arroyo (collectively, "Plaintiffs") filed a Complaint in the Los Angeles Superior Court against Removing Defendants and Does 1-100. A copy of the complaint as obtained by TikTok and ByteDance is attached as **Exhibit 1.** A copy of the state court docket is attached as **Exhibit 2.**

3. Removing Defendants have not yet been served.

### VENUE AND JURISDICTION

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, 1441(a), and 1446(a) because the Superior Court of the State of California for the

County of Los Angeles – Central District, where the Complaint was filed, is a state court within the Western Division of the Central District of California.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiffs and Defendants; (2) the amount in controversy exceeds $75,000 exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

### I. There Is Complete Diversity of Citizenship Between Plaintiffs and Defendants.

6. There is complete diversity of citizenship here because Plaintiffs are citizens of Texas and Wisconsin, and Defendants are citizens of California and Delaware. The diversity requirement is satisfied where an action "is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3).

**A. Plaintiffs are Citizens of Texas and Wisconsin**

7. For purposes of diversity jurisdiction, the personal representative of an estate has the same citizenship of the decedent. 28 U.S.C. § 1332(c)(2).

8. Upon information and belief, Plaintiffs at all relevant times were citizens of Texas (Plaintiff Christina Arlington Smith) or Wisconsin (Plaintiffs Heriberto Arroyo and Christal Arroyo). *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (in notice of removal, "a defendant's allegations of citizenship may be based solely on information and belief"); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (permitting pleading of citizenship on information and belief). For diversity purposes, state citizenship requires the individual be domiciled in that state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's "place of residence is prima facie evidence of domicile." *Angelic Cuevas v. Lowes Home Ctrs., LLC*, No. 20-CV-2755, 2020 WL 6439174, at *3

(C.D. Cal. Aug. 5, 2020) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

9. On information and belief, Plaintiff Christina Arlington Smith is domiciled in, and therefore a citizen of, Texas.[1]

10. On information and belief, decedent Lalani Erika Walton was domiciled in, and therefore a citizen of, Texas.

11. On information and belief, Plaintiffs Heriberto Arroyo and Christal Arroyo are domiciled in, and therefore are citizens of, Wisconsin.

12. On information and belief, decedent Arriani Jaileen Arroyo was domiciled in, and therefore a citizen of, Wisconsin.

**B. Removing Defendants are Citizens of California**

13. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14. TikTok Inc. is a California corporation with its principal place of business in California. Compl. ¶ 13. TikTok is therefore a citizen of California under 28 U.S.C. § 1332(c)(1).

15. ByteDance Inc. is a Delaware corporation with its principal place of business in California. Compl. ¶ 15. ByteDance is therefore a citizen of Delaware and California under 28 U.S.C. § 1332(c)(1).

16. Defendants "Does 1 to 100" are disregarded when assessing the diversity of citizenship of the parties for removal. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded").

---

[1] In a press release issued by Plaintiffs' counsel, Plaintiffs' counsel asserts "that it has filed two wrongful death lawsuits in the deaths of 8-year-old Lalani Erika Walton of Temple, Texas, and 9-year-old Arriani Jaileen Arroyo of Milwaukee, Wisconsin." *See* Press Release from Social Media Victims Law Center, https://socialmediavictims.org/press-releases/lawsuits-filed-against-tiktok-for-two-childrens-deaths-from-blackout-challenge/ (last accessed July 3, 2022).

## II. The Amount in Controversy Exceeds $75,000.

17. Plaintiffs' claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

18. California Code of Civil Procedure Section 425.10(b) prevents a plaintiff from stating a specific damage claim in a personal injury action.

19. Where a complaint does not allege a specific amount of damages, "the Court must first consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." *Mobasser v. Travelers Cas. Ins. Co. of Am.*, No. 13-CV-02567, 2013 WL 12142942, at *2 (C.D. Cal. June 13, 2013) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *see also Campbell v. Bridgestone/Firestone, Inc.*, No. 05-CV-01499, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (holding that it was apparent from the complaint that the amount in controversy was met where plaintiffs asserted strict products liability, negligence, and breach of warranty claims against multiple defendants and sought compensatory damages, hospital and medical expenses, general damages, and loss of earning capacity).

20. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. "The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (cleaned up).

21. Here, Plaintiffs seek damages arising out of the deaths of two minors allegedly as a result of self-strangulation. Compl. ¶ 1. Courts regularly find that the

amount-in-controversy requirement has been satisfied where a plaintiff alleges serious bodily injury. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296-97 (S.D.N.Y. 2001).

22. Among other things, Plaintiffs allege that decedents "suffered serious, severe, disabling injuries including, but not limited to [] death resulting from asphyxiation." Compl. ¶¶ 101, 115. Accordingly, Plaintiffs seek damages for pecuniary loss and economic losses, pain and suffering, medical expenses, and exemplary or punitive damages. *See* Compl. at 38, Prayer for Relief.

23. Although Removing Defendants deny that Plaintiffs are entitled to any damages, Plaintiffs' counsel has filed other suits in federal court arising from the death of a minor and containing similar allegations against TikTok and/or other technology platforms seeking damages in excess of $75,000. *E.g.*, SAC ¶ 22, *Rodriguez v. TikTok Inc.*, 3:22-cv-00401-JD, ECF 67 (filed May 6, 2022) ("This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000."); Compl. ¶ 15, *Doffing v. Meta Platforms Inc.*, No. 1:22-cv-00100, ECF 1 (filed Jan. 20, 2022) (alleging damages in excess of $75,000); Compl. ¶ 17, *Dawley v. Meta Platforms Inc.*, No. 2:22-cv-00444, ECF No. 1 (filed Apr. 11, 2022) (alleging damages in excess of $75,000). As in those cases, this case meets the requirements for federal diversity jurisdiction. *See Dart Cherokee Basin Operation Co., LLC v. Owens*, 574 U.S. at 89.

**III.    All Other Removal Requirements Are Satisfied.**

24. This Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b). Removing Defendants have not yet been served in this matter, and indeed this Notice of Removal was filed within five days of the initial Complaint. *See* 28 U.S.C. § 1446(b)(1).

25. By filing this Notice of Removal, Removing Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not

limited to those related to service of process. If any question arises regarding the propriety of the removal to this Court, Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

26.  Pursuant to 28 U.S.C. § 1446(d), TikTok and ByteDance will give written notice of the filing of this Notice of Removal to all adverse parties of record in this matter, and will file a copy of this Notice with the clerk of the state court.

## CONCLUSION

WHEREFORE, Removing Defendants hereby remove this action from the Los Angeles Superior Court to the United States District Court for the Central District of California.

Dated: July 4, 2022

/s/ Albert Q. Giang
ALBERT Q. GIANG, SBN 224332
agiang@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: 213.443.4310

*Counsel for Defendants
TikTok Inc. and ByteDance Inc.*